UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL PIERRE CRAWFORD,<br><br>            Plaintiff,<br><br>    v.<br><br>B. PHILLIPS, *et al.*,<br><br>            Defendants. | Case No.: 1:25-cv-00096-KES-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S CONSTRUED MOTION FOR INJUNCTIVE RELIEF TO COMPEL TRANSFER OF PLAINTIFF TO ANOTHER PRISON FACILITY<br><br>(Doc. 14)<br><br>**14-DAY OBJECTION PERIOD** |

**Relevant Background**

Plaintiff Darryl Pierre Crawford ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  Plaintiff initiated this action with the filing of a complaint against Defendants Warden Brian Phillips and correctional officers B. Phillips, C. Rodriguez, Padilla J. Guzman, and V. Garcia (collectively, "Defendants") on January 22, 2025.  (Doc. 1).

On November 17, 2025, the Court issued its first screening order, finding that Plaintiff adequately pleads in the complaint cognizable claims under the Eighth Amendment for excessive force against correctional officer Defendants Rodriguez, Guzman, and Garcia but fails to state claims (1) against Defendants in their official capacities, (2) against Warden Phillips, (3) under the First Amendment for retaliation, and (4) for injunctive relief.  (Doc. 10 at 12).  Because Plaintiff

may be able to cure the deficiencies in his pleading, the Court granted Plaintiff leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Id.*

On December 15, 2025, the Court granted Plaintiff's motion for an extension of time to file a first amended complaint to January 10, 2026. (Doc. 12). On January 14, 2026, Plaintiff filed a first amended complaint, which remains pending for screening before the Court. (Doc. 13).

**Plaintiff's Construed Motion for Injunctive Relief to Compel Facility Transfer**

Pending before the undersigned is Plaintiff's motion to compel his transfer to another prison facility wherein Defendant Warden Phillips is not directly in charge, filed on April 6, 2026. (Doc. 14). Plaintiff seeks the Court issue an order to compel Warden Phillips to have Plaintiff transferred to another correctional facility that is not directly under the Warden's influence. *Id.* at 1. Plaintiff asserts that he was recently assaulted on September 3, 2025, at KVSP in the same manner as alleged against Warden Phillips and other correctional staff members in this action. *Id.*

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "A mandatory injunction 'goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored.'" *Stanley v. Univ. of Southern Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)). "When a mandatory preliminary injunction is requested, the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id.*

Plaintiff does not identify in his motion any authority pursuant to which the Court may award the injunctive relief he seeks – an order of transfer to a different custodial facility. In fact, "to the extent [P]laintiff seeks transfer to a different … facility, relief is unavailable because he does not have a right to be incarcerated at a particular correctional facility or to be transferred from one facility to another." *Daniel v. Lynch*, No. 2:23-cv-0384 AC P, 2025 WL 3073838, at *2 (E.D.

2

Cal. Nov. 4, 2025) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002)); *see Moore v. Gipson*, No. 1:13–cv–01820–DAD–BAM (PC), 2017 WL 2992529, at *3 (E.D. Cal. Apr. 19, 2017) ("Convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another.") (citation omitted).

Because Plaintiff's sparse factual assertions and lack of citation to legal authority do not establish that he is entitled to the relief he seeks, the undersigned will recommend that the assigned district judge deny Plaintiff's construed motion for injunctive relief.

### Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's construed motion for injunctive relief to compel his transfer to another prison facility (Doc. 14) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  __**April 17, 2026**__                 _____

UNITED STATES MAGISTRATE JUDGE